UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS JOSE MEDINA-RODRIGUEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RONALD MURRAY, WARDEN, MESA VERDE DETENTION CENTER, *et al*.,<br><br>　　　　　Respondents. | Case No.  1:26-cv-04080  (VC)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

This matter is before the Court on Petitioner's writ of habeas corpus. For the reasons that follow, the Petition is dismissed without prejudice.

## I.　BACKGROUND

Petitioner is a native and citizen of Venezuela who entered the United States on June 17, 2023 near Eagle Pass, Texas. Dkt. No. 1 ¶ 36. Upon entry, he was detained by the Department of Homeland Security ("DHS"), and issued a Notice to Appeal placing him in removal proceedings. *Id*.; Dkt. No. 7-1 at 2, 11. On June 21, 2023, DHS released Petitioner on his own recognizance subject to enrollment in the ICE/ERO Alternatives to Detention (ATD) program with GPS ankle monitoring. Dkt. No. 1 ¶ 27; Dkt. No. 17-1 at 10, 14, 16–18. Included in Petitioner's conditions of release was that he "not commit any crimes[.]" Dkt. No. 7-1 at 18. Following his release, Petitioner began living in Utah with his wife and brother, applied for asylum, and was authorized to work by USCIS. Dkt. No 1 ¶ 38.

Petitioner was arrested for unlawful possession of a controlled substance in violation of Utah Code § 58-37-8(2)(d) and use or possession of drug paraphernalia in violation of Utah

Code § 58-37a-5(1). Dkt. No. 7-1 at 2–3. He was convicted of the latter offense, violation of Utah Code § 58-37a-5(1), sometime thereafter. Dkt. No. 1 ¶ 46. Following this conviction, Petitioner was arrested for aggravated assault, and was taken into ICE custody around May 7, 2026 from the Salt Lake County Metro Jail. *Id*. ¶¶ 45–48. The assault charge was dismissed the same day he was taken into custody. *Id*. ¶ 45.

## II.    DISCUSSION

Petitioner challenges his continued detention on the grounds that he is being unlawfully detained under the INA (counts 1 and 3) and that the revocation of his prior release violates due process (counts 2 and 4). Dkt. No. 1 ¶¶ 116–151. Respondents contend that the Petition should be denied for three reasons. First, referring to Petitioner's conviction for possession of drug paraphernalia, Respondents argue that he is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A), as he has been convicted of violating a law related to a controlled substance. Dkt. No. 7 at 2. Second, they argue that the Petition must be dismissed because Petitioner has not exhausted his remedies by requesting a bond hearing where an immigration judge may assess the applicability of § 1226(c). *Id*. at 3–5. Finally, Respondents argue that Petitioner's detention under § 1226(c) has not become unconstitutionally prolonged. *Id*. at 5–6.

### A.    Exhaustion

The Court need not reach the question of whether Petitioner is properly detained under § 1226(c)(1)(A), because Petitioner has not exhausted his administrative remedies with respect to the applicability of that statute. Section 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its

own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted).

Here, 8 U.S.C. § 1226(c) "carves out a statutory category of [noncitizens] who may *not* be released under § 1226(a)," mandating detention for a noncitizen "who falls into one of several enumerated categories involving criminal offenses." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis in original). At a Joseph hearing, Petitioner "may avoid mandatory detention by demonstrating that he … was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *See Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002)). The *Joseph* hearing process enables Petitioner to challenge his mandatory detention under § 1226(c), and the immigration court has the expertise necessary to develop the record and reach a proper decision—a step which appears necessary here, as neither party has submitted records to this court with respect to Petitioner's arrests and convictions. Additionally, a *Joseph* hearing will allow DHS to correct its own mistakes, and avoid judicial review, if in fact Petitioner's conviction does not support detention under § 1226(c).

Petitioner, however, contends that seeking a *Joseph* hearing in this case would be futile because (1) immigration judges are finding that they lack jurisdiction to hold bond hearings where an individual is detained under 8 U.S.C. § 1225(b)(2)(A), and (2) the BIA has already held in two unpublished opinions that Utah Code § 58-37A-5(1)(a)—the statute which Petitioner was seemingly convicted of—is not a predicate for removability, and by extension cannot support mandatory detention under § 1226(c). Dkt. No. 8 at 4–7. As to the first argument, Respondents contend that Petitioner is detained under § 1226(c), not § 1225(b)(2). At this juncture, the Court sees no reason why Respondents would refuse to provide Petitioner with a substantive *Joseph* hearing to evaluate the applicability of § 1226(c), which is the only statute they maintain Petitioner is detained under. Petitioner's second argument further counsels the need for an immigration judge to review Petitioner's detention as an immigration judge, rather than this Court, is equipped to apply the BIA rulings Petitioner cites.

3

Accordingly, Petitioner's claims for violation of the INA are dismissed for failure to exhaust his administrative remedies. *See Buckley v. Chestnut*, No. 1:26-CV-02624-DAD-JDP, 2026 WL 1030931, at *2-4 (E.D. Cal. Apr. 16, 2026) (court declined to waive the prudential exhaustion requirements as to petitioner's statutory claim because petitioner's appeal of his Matter of Jospeh hearing was pending).

### B.    Due Process

Whether Petitioner's due process claims for revocation of his prior release have merit depends on whether Petitioner is properly subject to detention under § 1226(c). Petitioner "cites no authority … which would require ICE to provide an alien with notice and a hearing prior to detaining him pursuant to § 1226(c)." *Medina Soto v. Robbins*, No. 1:25-CV-01954-KES-SKO (HC), 2026 WL 657702, at *3 (E.D. Cal. Mar. 9, 2026). If an immigration judge finds that Petitioner's detention is not supported by § 1226(c) at a *Joseph* hearing, and Petitioner remains detained, his continued detention may support a due process claim. However, the Court cannot make that determination until a *Joseph* hearing is held.

Further, assuming Petitioner is subject to detention under § 1226(c), the facts do not support a prolonged detention claim. "The Supreme Court has not directly addressed the constitutionality of prolonged detention in the context of an as-applied challenge to 8 U.S.C. § 1226(c) … however, "[n]umerous district courts … have found that unreasonably long detention periods may violate the due process clause." *Hernandez v. Lundy*, No. 1:25-CV-02007-SKO (HC), 2026 WL 102292 (E.D. Cal. Jan. 14, 2026) (collecting cases). Judges have reached different conclusions about what standards ought to govern as-applied challenges to prolonged, mandatory detention under § 1226(c), with factors such as the length of detention, whether the detention is likely to continue, and the reasons for the delay among items considered amongst the plethora of different balancing tests. *See generally Keo v. Warden of the Mesa Verde Ice Processing Ctr.*, Case No. 1:24-cv-00919, 2025 WL 1029392, at *5 (E.D. Cal. Apr. 7, 2025) (summarizing precedents), *appeal dismissed sub nom. Keo v. Warden*, No. 25-3546, 2025 WL 2528945 (9th Cir. June 27, 2025).

Regardless of which test the Court applies here, Petitioner has not shown that his detention under § 1226(c) has become unconstitutional as applied to him where his detention has only reached roughly three months. As evidenced by the various balancing tests considering different factors, such as the indefiniteness of the detention and cause of the delay, the duration of detention, standing alone, is generally not enough to justify relief from § 1226(c) detention. *See Gonzalez v. Bonnar*, No. 18-CV-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019) ("Although Petitioner continues to insist on a bright-line rule that detention beyond 6-months is constitutionally impermissible, the Supreme Court's decision in *Jennings* establishes there is no such bright-line rule."). Indeed, Courts in this district have denied habeas relief for individuals' whose detention far exceeded two months. *See, e.g.*, *Carlos A.C.J. v. Warden of the Mesa Verde Det. Facility*, No. 1:26-CV-04434-MWJS, 2026 WL 1752066, at *2 (E.D. Cal. June 17, 2026) (concluding that detention of approximately seven and a half months under 8 U.S.C. § 1226(c) did not violate due process); *Keo*, 2025 WL 1029392, at *6–8 (concluding that twenty-two-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Oth v. Chestnut*, No. 1:25-CV-01367-KES-HBK (HC), 2026 WL 323053, at *5–8 (E.D. Cal. Feb. 6, 2026) (concluding that fourteen-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Daley v. Andrews*, No. 1:25-CV-00922-KES-CDB (HC), 2026 WL 101840, at *11–12 (E.D. Cal. Jan. 14, 2026) (concluding that seventeen-month detention under 8 U.S.C. § 1226(c) did not violate due process).

The fact that Petitioner's detention has reached three months is not sufficient to justify habeas relief without further evidence that his detention has become indefinite or that it has become unconstitutionally prolong given his particular situation. Petitioner's due process claims are, therefore, dismissed without prejudice.

## III.    CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

1.    Petitioner's claims for violation of the INA are DISMISSED without prejudice while he exhausts his administrative remedies.

2.      Petitioner's claims for violation of the due process clause are DISMISSED without prejudice.

3.   The Clerk of the Court is directed to enter judgment and close the case.


**IT IS SO ORDERED.**

Dated: August 6, 2026

_____

VINCE CHHABRIA
United States District Judge